**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DERRICK BOURNES,<br>    Appellant, | DOCKET NUMBER<br>SF-0752-16-0103-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: August 15, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1*]

Bobby R. Devadoss, Esquire, Dallas, Texas, for the appellant.

Dawn Dobbs, Esquire and James L. Paul, Esquire, Schofield Barracks, Hawaii, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective October 31, 2015, the agency removed the appellant from his position as Police Officer based on a charge of misconduct of a sexual nature. Initial Appeal File (IAF), Tab 5 at 13-14. The agency based the charge on five incidents involving the appellant's interactions with two women. *Id.* at 18-20. The agency cited the Army Anti-Harassment Policy for the Workplace, dated April 27, 2011, when proposing the appellant's removal. *Id.*

¶3 The appellant filed an appeal with the Board challenging the agency's removal action. IAF, Tab 1. He argued that he had not engaged in the charged misconduct, that the agency had denied him his due process rights, and that he was removed because of his race and sex. IAF, Tab 25, Initial Decision (ID) at 3-17. After the appellant withdrew his request for a hearing, the administrative judge issued an initial decision based on the written record sustaining four of the five charged specifications, rejecting the appellant's affirmative defenses, and affirming the removal action. ID at 1-28. The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 On review, the appellant asserts that: (1) the agency did not prove its charge, (2) the administrative judge made improper credibility determinations, (3) the agency violated his due process rights by refusing to consider his attorney's reply to the charge, (4) the agency violated his due process rights by allowing the proposing and deciding officials to be a part of the investigation into his conduct and not allowing the investigation to be conducted by an uninterested third party, and (5) he has new evidence that calls into question the credibility of one of his accusers. PFR File, Tab 1 at 3.

¶5 The appellant failed to argue before the administrative judge that the agency violated his due process rights by allowing the proposing and deciding officials to be a part of the investigation into his conduct and not allowing the investigation to be conducted by an uninterested third party. IAF, Tabs 1, 9, 16, 23. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Because the appellant made no such showing regarding this new due process argument, we will not consider it on review.

¶6 The appellant argued that the administrative judge's credibility determinations should be reversed because he has new evidence, in the form of an affidavit of an alleged witness to one of the incidents of purported misconduct, that calls into question the credibility of his first accuser. PFR File, Tab 1 at 3. The Board generally will consider new evidence only upon a showing that, despite the petitioner's due diligence, the evidence was not available when the record closed. 5 C.F.R. § 1201.115(d). To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Id.* Regarding his burden to show that this evidence previously was not available

despite his due diligence, the appellant stated in his petition for review that he "was unable to obtain a statement from this individual before the record closed." PFR File, Tab 1 at 3. Such a bare allegation is insufficient to establish that the appellant could not have obtained an affidavit from the witness prior to the record closing had he exercised due diligence. *See Terry v. Equal Employment Opportunity Commission*, 111 M.S.P.R. 258, ¶ 8 (2009). Moreover, the administrative judge, in the initial decision, took note of the appellant's assertion that this witness was present at one of the alleged instances of misconduct. ID at 12-13. Because the appellant was aware of the information contained in the affidavit before the record closed, the evidence is not new. *See Gursslin v. U.S. Postal Service*, 102 M.S.P.R. 427, ¶ 9 (2006). Accordingly, we will not consider the evidence on review.

¶7         The appellant also alleges on review that there were witnesses who could have confirmed that the first accuser engaged in improper conversations with the intent of luring individuals into making inappropriate remarks. PFR File, Tab 1 at 3. The appellant has failed to show that these alleged witnesses could not have been called at hearing or provided affidavits prior to the record closing below, nor has he submitted evidence establishing that such witnesses actually exist. Accordingly, we find that this assertion is not a basis for disturbing the initial decision.

¶8         The appellant also avers that the administrative judge gave too much weight to the first accuser's former military occupation as a chaplain's assistant when making his credibility determinations. *Id.* When, as here, no hearing was held and the administrative judge's findings were based solely on the written record, the Board will give those findings only the weight warranted by the record and the strength of his conclusions. *Donato v. Department of Defense*, 34 M.S.P.R. 385, 389 (1987). In this case, the administrative judge's credibility findings were appropriately based on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 7-8, 10-11, 14-15. The initial decision

reflects that the administrative judge relied upon the specificity and consistency of the accuser's statements, as well as partial corroboration by another, in making his credibility determinations concerning the first accuser. *Id.* Although the administrative judge, in the initial decision, briefly mentioned the first accuser's job title, ID at 5, there is no indication that the administrative judge gave any special credence to the first accuser's former occupation when making his credibility determinations. *Id.* Accordingly, we find the appellant's challenge to the administrative judge's credibility findings unavailing.

¶9     The appellant also broadly alleges on review that the agency did not prove its charge. PFR File, Tab 1 at 3. He has failed to identify any specific evidence in the record that demonstrates error in the administrative judge's findings. *Id.* The administrative judge thoroughly examined each specification of the sole charge, weighed and discussed the evidence, and determined that the agency met its burden of proof to sustain four of the charge's five specifications. ID at 3-17. He also considered and discussed record evidence in finding that the agency demonstrated a nexus to the efficiency of the service and that the penalty of removal was reasonable. ID at 25-28. We find that the appellant's generalized assertion on review amounts to nothing more than mere disagreement with these conclusions, and we find no basis to disturb these findings. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶10    Finally, the appellant argues on review, as he did below, that the deciding official violated his due process rights by refusing to consider his attorney's written rebuttal to the charge before making his decision. PFR File, Tab 1 at 3. The administrative judge considered this argument but noted that, in his declaration under penalty of perjury, the deciding official stated that he did in fact consider the appellant's attorney's rebuttal to the charge. ID at 18.

Accordingly, the administrative judge found no merit to the appellant's allegation that the agency refused to consider his response. ID at 20-21. Although the deciding official stated in his notice of decision that he did not receive a reply from the appellant, IAF, Tab 5 at 13, we agree with the administrative judge that his declaration under penalty of perjury sufficiently demonstrates otherwise. IAF, Tab 24 at 41-43.

¶11     We have considered the appellant's arguments on review but have concluded that a different outcome is not warranted. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.